IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEDARC, LLC, as Collection Agent for Jeffrey H. Mims, Trustee of the Liquidating Trust of Revolution Monitoring, LLC, Revolution Monitoring Management, LLC, and Revolution Neuromonitoring, LLC, Plaintiff, | § § § § § § § | |
| v. | § § | Civil Action No. 3:20-CV-3646-N-BH |
| AETNA HEALTH INC., Defendant. | § § § | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is *Aetna Health Inc.'s Opposed Motion for Leave to File First Amended Counterclaim and Brief in Support*, filed February 17, 2022 (doc. 46). Based upon the relevant filings and applicable law, the motion for leave to amend is **GRANTED**, and *Plaintiff's Motion to Dismiss Defendant's Counterclaims for Fraud, Unjust Enrichment, and Exemplary Damages and Memorandum in Support*, filed August 27, 2021 (doc. 35), is **DEEMED MOOT**.

**I. BACKGROUND**

On August 6, 2021, the defendant filed its answer and counterclaim, asserting counterclaims for equitable relief under ERISA, 29 U.S.C. § 1132(a)(3), money had and received, fraud, unjust enrichment/quantum meruit, and exemplary damages. (*See* doc. 32.) The counterclaim alleged that the plaintiff "engaged in an inappropriate billing scheme to submit egregious and excessive charges to [the defendant] for services allegedly provided to [its] health plan members." (*Id.* at 21.) On August 27, 2021, the plaintiff moved to dismiss the defendant's counterclaims for fraud, unjust enrichment, and exemplary damages under Rule 8(a) and Rule 12(b)(6) for failure to state a claim

---

[1]By order of reference dated January 26, 2021 (doc. 6), this case has been referred for full case management.

upon which relief can be granted and under Rule 9(b) for failure to meet the heightened pleading requirements for fraud. (doc. 35 at 1-2.) On February 3, 2022, it was recommended that the plaintiff's partial motion to dismiss be partially granted, the defendant's counterclaims for fraud and exemplary damages be dismissed with prejudice, and its counterclaims for equitable relief, money had and received, and unjust enrichment/quantum meruit remain pending for adjudication. (doc. 41.) On February 17, 2022, the defendant filed objections to the February 3, 2022 findings, conclusions, and recommendation. (doc. 45.)

On the same day, the defendant also moved for leave to file an amended counterclaim to plead additional allegations of fraud, "including grounds for fraud that were not discovered at the time of the Original Counterclaim," and " to address the Magistrate Judge's findings regarding the sufficiency of [its] Original Counterclaim." (doc. 46 at 4.) The proposed amendment provides additional factual background of fraudulent conduct, including new details of the alleged fraudulent scheme. (*See* doc. 46-1.) The plaintiff opposes the amendment on grounds of futility. (*See* doc. 51.)

## II.  MOTION FOR LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading once as a matter of course within 21 days after serving it, or if a responsive pleading is required, within 21 days of receiving the responsive pleading or a motion under Rule 12(b), (e), or (f). The rule evinces a bias in favor of amendment and requires that leave to be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir.

1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

With regard to the plaintiff's contention that amendment would be futile, the Fifth Circuit has interpreted futility in the context of Rule 15(a) to mean that "the amended complaint would fail to state a claim upon which relief could be granted," so courts must apply the same standard as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Leave to amend does not need to be granted when the amended complaint would not defeat a motion to dismiss. *See id.* The issue of futility is better addressed "in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer," however. *Smallwood v. Bank of Am.*, No. 3:11-CV-1283-D, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011); *see also McDade v. Wells Fargo Bank*, N.A., No. H-10-3733, 2011 WL 4860023 at *4 (S.D. Tex. Oct. 13, 2011) (explaining that in the context of a motion for leave, futility means that "the amended complaint would fail to state a claim upon which relief could be granted") (quoting *Stripling*, 234 F.3d at 873). In fact, it is the court's " 'almost unvarying practice when futility is raised [in response to a motion for leave to amend] to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion.' " *Maynard v. Paypal, Inc.*, No. 3:18-CV-0259-D, 2018 WL 5776268, at *5 (N.D. Tex. Nov. 2, 2018) (quoting *Garcia v. Zale Corp.*, No. 3:04-CV-1917-D, 2006 WL 298156, at *1-2) (N.D. Tex. Feb. 1, 2006) (quoting *Poly-America, Inc. v. Serrott Int'l Inc.*, No. 3:00-CV-1457-D, 2002 WL

3

206454, at *4-5 (N.D. Tex. Feb. 7, 2002)); *Quanah Serv., Inc. v. Security Bank*, No. 7:20-CV-00027-O, 2020 WL 6119910, at *3 (N.D. Tex. July 1, 2020) (noting "the Northern District of Texas's 'almost unvarying practice ...' ") (quoting *Reneker v. Offill*, 3:08-CV-1394-D, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011)).

Here, there is no apparent bad faith or dilatory motive, and this is the defendant's first amendment. The proposed amended counterclaim asserts the same claims as the original counterclaim but seeks to address the issues identified in the plaintiff's motion to dismiss by pleading additional allegations of fraud. *See, e.g., Omega Hosp., LLC v. United Healthcare Servs., Inc.*, 389 F. Supp. 3d 412, 426-27 (M.D. La. 2019) (finding leave to amend warranted where the proposed amendment appeared to remedy the deficiencies from the previous pleading). Because the plaintiff has previously moved to dismiss the defendant's counterclaims for the same reasons it opposes the proposed amendment, its arguments regarding failure to state a claim are best considered in the Rule 12(b) or Rule 56 context. *See Smallwood*, 2011 WL 4941044, at *1. Based on the relevant factors, there appears to be no "substantial reason" to deny the defendant's motion for leave to amend its counterclaim. *See Jacobsen*, 133 F.3d at 318.

### III.  CONCLUSION

The motion for leave to amend is **GRANTED**. The Clerk's Office shall file the proposed amended counterclaim attached to the defendant's motion. Because Defendant has been permitted to amend its counterclaim to plead additional allegations of fraud, and *Plaintiff's Motion to Dismiss Defendant's Counterclaims for Fraud, Unjust Enrichment, and Exemplary Damages and Memorandum in Support*, filed August 27, 2021 (doc. 35), is directed at the prior counterclaim, Plaintiff's motion to dismiss is **DEEMED MOOT**.

**SO ORDERED** on this 11th day of March, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE